# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

SHEILA TEED,

        Plaintiff,

        v.

ZERO WASTE SOLUTIONS-AMTRUST;
and LORETTA MOORE,

        Defendants.

CIVIL ACTION NO.: 2:18-cv-20

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Amended Complaint and Motions to Proceed *in Forma Pauperis*. (Docs. 2, 6, 7.) On March 2, 2018, Plaintiff filed this action, *pro se*, pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 *et seq*. (Doc. 1.) The Court deferred ruling on Plaintiff's first *in forma pauperis* Motion, advised Plaintiff of deficiencies in her original Complaint, and directed her to amend. (Doc. 5.) Plaintiff has now filed an Amended Complaint.[1] (Doc. 6.) As it appears that Plaintiff has exhausted her administrative remedies, the Court **GRANTS** her Motions to Proceed *in Forma Pauperis*.

---

[1] In light of Plaintiff's limited allegations in her Amended Complaint and her failure to include a notice of rights to sue letter again, the Court deems her purported Amended Complaint a supplement to her Complaint. Fed. R. Civ. P. 15(d); Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (per curiam) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category" so as to "avoid an unnecessary dismissal," among other things. (quoting Castro v. United States, 540 U.S. 375, 381–82 (2003))). If Plaintiff's Amended Complaint were not deemed a supplement, her case would be subject to dismissal for failure to state a claim because her Complaint would lack the necessary notice of rights to sue letter. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1187 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Accordingly, the Court **AUTHORIZES** and **DIRECTS** the Clerk of Court to enter Plaintiff's Amended Complaint, (doc. 6), as a "Supplement to Plaintiff's Complaint," (doc. 1), upon the docket and record of this case.

The Court **ORDERS** service and **DIRECTS** the United States Marshal to serve Defendant Zero Waste Solutions-Amtrust with a copy of Plaintiff's Complaint, Supplemental Complaint, and this Order. However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Defendant Moore for failure to state a claim.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of her assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

I.    **Plaintiff's Amended Complaint**

In her original Complaint, Plaintiff asserted ADEA and ADA employment discrimination claims against Defendants. (Doc. 1.) The Court advised Plaintiff that she could not state a claim against individually named Defendant Moore under either the ADEA or ADA. (Doc. 5.) The Court also advised Plaintiff that her Complaint was missing critical facts to state plausible discrimination claims under these statutes, such as the nature of her disability and age of her replacement, and instructed Plaintiff to amend. (Id.) In her response, Plaintiff provides enough factual detail for her Complaint to be served, namely the nature of her disability and a letter from the EEOC noting that her intake form raised issues under the ADEA and ADA.

However, as the Court previously advised Plaintiff, she may not bring federal employment law discrimination claims against Defendant Moore. Employees or claims adjustors such as Defendant Moore are not subject to liability under the ADEA or ADA. Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (holding "individual liability is precluded for violations of the ADA's employment discrimination provision"); Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (holding individual employees "cannot be held liable under the ADEA").

Accordingly, the Court should **DISMISS** Plaintiff's federal discrimination claims against Defendant Moore. As explained below, Plaintiff's ADEA and ADA claims against Defendant Zero Waste Solutions-Amtrust shall remain pending before the Court.

II.   **Initial Review of Exhaustion of Administrative Remedies**

An aggrieved employee must file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). See Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001); see also Minix v. Jeld-Wen, Inc., 237 F. App'x 578, 588 (11th Cir. 2007) (noting that a proper

EEOC charge is "a prerequisite to suit"). Generally, in a non-deferral state, such as Georgia, a charge of employment discrimination is timely filed if it is filed within 180 days after the alleged act of discrimination. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1); 42 U.S.C. § 12117(a); Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003); see Rizo v. Ala. Dep't of Human Res., 228 F. App'x 832, 836 (11th Cir. 2007) (describing exhaustion requirements and noting the Eleventh Circuit "applies the law developed in Title VII, ADEA, and ADA cases interchangeably"). After filing a charge of discrimination, an employee must wait at least sixty days before filing a lawsuit under the ADEA. 29 U.S.C. § 626(d)(1); Bost, 372 F.3d at 1238. Additionally, an employee must file suit within ninety days upon receipt of the EEOC's notice of rights to sue letter. Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000). Similarly, under the ADA, the employee must wait for the EEOC to issue a right to sue letter before filing suit and must file suit within ninety days of receiving the letter. 42 U.S.C. § 12117(a); Davis v. Auburn Bank, 704 F. App'x 837, 839 n.2 (11th Cir. 2017) (per curiam) ("ADA plaintiff must file a civil action within 90 days of receiving the right to sue letter.").

In this case, the EEOC mailed Plaintiff a dismissal and notice of rights to sue on December 4, 2017.[2] (Doc. 1-1.) Plaintiff filed this action on March 2, 2018, within ninety (90) days of the date that Plaintiff ostensibly received the EEOC's notice. Thus, at least on the face of Plaintiff's Complaint, it appears that she has exhausted her administrative remedies.[3]

---

[2] In her original Complaint, Plaintiff failed to provide the date she received her notice of rights to sue, (doc. 1, p. 6), and in her Supplemental Complaint, Plaintiff states she received her notice on November 11, 2017, (doc. 6, p. 5). However, because Plaintiff's notice of rights to sue letter indicates a date of December 4, 2017, (doc. 1-1), the Court employs this date to review Plaintiff's compliance with ADEA and ADA procedural rules.

[3] This initial determination does not preclude Defendant Zero Waste Solutions-Amtrust from arguing, after service, that Plaintiff has not exhausted her administrative remedies.

### III. Motion to Proceed *in Forma Pauperis*

Plaintiff seeks to proceed *in forma pauperis*. (Docs. 2, 7.) Plaintiff avers that she does not have the resources to pay the civil filing fee, and therefore seeks to proceed without the prepayment of that fee. (Id.) Pursuant to 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of her assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at \*2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint). When assessing whether to grant *in forma pauperis* status, the Court considers the filing fee, which, in this civil action is $400. See 28 U.S.C. § 1914.

In her Motion for Leave to Proceed *in Forma Pauperis*, Plaintiff provides sufficient evidence that she cannot afford to pay the filing fee in this action. (Docs. 2, 7.) Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis*. The Court **DIRECTS** the United States Marshal to Serve Defendant Zero Waste Solutions-Amtrust with a copy of Plaintiff's Compliant, Supplemental Complaint, and this Order.

As the Plaintiff is hereby authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(2). In most cases, the Marshal will first mail a copy of the complaint to each defendant by first-class mail and request that each defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual and corporate

defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the Marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Plaintiff's Motions to Proceed *in Forma Pauperis*, and her claims against Defendant Zero Waste Solutions-Amtrust may proceed. The Court **ORDERS** service and **DIRECTS** the United States Marshal to serve this Defendant with a copy of Plaintiff's Complaint, Supplemental Complaint, and this Order. However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Defendant Moore for failure to state a claim.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court is to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 14th day of June, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA